UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-CV-23346-MOORE/SIMONTON

UNIVERSAL TRANSDATA, LLC,

      Plaintiff,

vs

TRANSCEND INFORMATION, INC.,

      Defendant.

_____/

**DEFENDANT TRANSCEND INFORMATION, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Transcend Information, Inc. ("Transcend"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff Universal Transdata, LLC's ("Plaintiff's") Complaint for Patent Infringement as follows:

**THE PARTIES**

1. Transcend is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2. Transcend admits that it is a California corporation with its headquarters located at 1645 North Brian Street, Orange, CA 92867, and with an office at 7200 Corporate Center Drive, Suite 409, Miami, FL 33126. Transcend admits that its registered agent in Florida is Justin Marshall King, with the same address in Miami. Transcend denies any and all remaining allegations in Paragraph 2.

**JURISDICTION AND VENUE**

3. Transcend admits the Complaint purports to state a cause of action for patent infringement arising under Title 35 of the United States Code. Transcend denies that it has

infringed the patent-in-suit.  Transcend admits that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 & 1338(a).  Transcend denies any and all remaining allegations in Paragraph 3.

4.     Paragraph 4 states legal conclusions to which no response is required.  Transcend does not contest that personal jurisdiction exists over Transcend for purposes of this action only.  Transcend denies that it has committed acts of patent infringement, including making, selling, offering to sell, directly or through intermediaries, subsidiaries and/or agents, infringing products within this District or the State of Florida.  Transcend denies any and all remaining allegations in Paragraph 4.

5.     Paragraph 5 states legal conclusions to which no response is required.  Transcend admits that it has an office in Miami, Florida.  Transcend denies that this District is the most convenient venue for this action.  Transcend denies any and all remaining allegations in Paragraph 5.

## FACTUAL BACKGROUND

6.     Transcend is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7.     Paragraph 7 states legal conclusions to which no response is required.  Transcend denies any and all remaining allegations in Paragraph 7.

8.     Paragraph 8 states legal conclusions to which no response is required.  Transcend denies that asserted U.S. Patent No. 6,743,030 ("the '030 Patent") is novel or non-obvious.  Transcend denies any and all remaining allegations in Paragraph 8.

9.     Transcend admits that what purports to be a copy of the '030 Patent is attached to the Complaint as Exhibit A.  Transcend denies any and all remaining allegations in Paragraph 9.

10. Transcend admits that the face of the '030 Patent shows a filing date of September 30, 2002 and U.S. Patent Application No. 10/259,728 ("the '728 Application"). Transcend denies any and all remaining allegations in Paragraph 10.

11. Transcend admits that records at the U.S. Patent and Trademark Office show that the '728 Application was published on April 1, 2004 and assigned publication number US 2004/0063346. Transcend denies any and all remaining allegations in Paragraph 11.

12. Transcend admits that the '030 Patent shows an issuance date of June 1, 2004. Transcend is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies them.

13. Transcend denies the allegations in Paragraph 13.

14. Transcend admits that the term of the '030 Patent could extend through September 30, 2022, but denies that the '030 Patent is valid and enforceable. Transcend denies any and all remaining allegations in Paragraph 14.

15. Transcend admits that Paragraph 15 accurately quotes the language of Claim 1 of the '030 Patent. Transcend denies any and all remaining allegations in Paragraph 15.

16. Transcend admits that Paragraph 16 accurately quotes the language of Claim 7 of the '030 Patent. Transcend denies any and all remaining allegations in Paragraph 16.

17. Transcend admits that Paragraph 17 accurately quotes the language of Claim 8 of the '030 Patent. Transcend denies any and all remaining allegations in Paragraph 17.

18. Transcend admits that it received correspondence (dated August 17, 2017 and received August 21, 2017) from an individual that purported to be Plaintiff's outside counsel in this matter and that related to the '030 Patent. Transcend denies that it was notified of "Document's infringement of the '030 Patent prior to the filing of this action," as alleged in

3

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Paragraph 18.  Transcend denies that it has infringed any valid and enforceable claim of the '030 Patent.  Transcend denies that it never responded to the Plaintiff regarding the '030 Patent.  On September 21, 2017, Transcend responded to Plaintiff's apparent licensing agent under Rule 408 of the Federal Rules of Evidence, and copied on that correspondence the individual who apparently sent the August 17, 2017 letter.  Transcend denies any and all remaining allegations in Paragraph 18.

## COUNT I – ALLEGED DIRECT PATENT INFRINGEMENT

19.     Transcend incorporates by reference its responses to the allegations in Paragraphs 1-18 above as if fully set forth herein.

20.     Paragraph 20 states legal conclusions to which no response is required.  Transcend denies that it has infringed, literally or under the doctrine of equivalents, any claims of the '030 Patent.  Transcend denies any and all remaining allegations in Paragraph 20.

21.     Paragraph 21 states legal conclusions to which no response is required.  Transcend denies that it has infringed, literally or under the doctrine of equivalents, any claims of the '030 Patent.  Transcend denies that its JetFlash® 590, 8GB 2.0 Flash Drives infringe, literally or under the doctrine of equivalents, any claims of the '030 Patent.  Transcend denies any and all remaining allegations in Paragraph 21.

22.     Paragraph 22 states legal conclusions to which no response is required.  Transcend denies that its JetFlash® 590, 8GB 2.0 Flash Drives infringe, literally or under the doctrine of equivalents, any claims of the '030 Patent.  Transcend denies any and all remaining allegations in Paragraph 22.

4

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

23. Paragraph 23 states legal conclusions to which no response is required. Transcend denies that it has infringed, literally or under the doctrine of equivalents, any claims of the '030 Patent. Transcend denies any and all remaining allegations in Paragraph 23.

24. Transcend admits that it received a letter from Plaintiff regarding the '030 Patent on August 21, 2017. Transcend denies any and all remaining allegations in Paragraph 24.

25. Transcend denies the allegations in Paragraph 25.

26. Transcend denies the allegations in Paragraph 26.

27. Transcend denies the allegations in Paragraph 27.

28. Transcend denies the allegations in Paragraph 28.

## COUNT II – ALLEGED INDUCED PATENT INFRINGEMENT

29. Transcend incorporates by reference its responses to the allegations in Paragraphs 1-28 above as if fully set forth herein.

30. Paragraph 30 states legal conclusions to which no response is required. Transcend denies that it has induced or continues to induce infringement of the '030 Patent pursuant to 35 U.S.C. § 271(b). Transcend denies that it has infringed or has induced infringement of the '030 Patent. Transcend denies any and all remaining allegations in Paragraph 30.

## JURY DEMAND

31. Paragraph 31 sets forth Plaintiff's request for trial by jury to which no response is required.

## PRAYER FOR RELIEF

Transcend denies that Plaintiff is entitled to any relief whatsoever as prayed or otherwise.

5

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Transcend denies each and every allegation of the Complaint not already admitted or denied and further denies that Plaintiff is entitled to any relief whatsoever from Transcend on the basis of any of the purported claims for relief contained in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Transcend has not infringed and does not infringe, either literally or under the doctrine of equivalents, nor actively induced others to infringe, any purportedly valid claim of the '030 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

Each and every claim of the '030 Patent is invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation the provisions of 35 U.S.C. §§ 101, 102, 103, 112, and/or 132, and the rules, regulations and laws pertaining thereto.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Upon information and belief, by reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that led to the issuance of the '030 Patent, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Plaintiff is estopped from asserting that the '030 Patent covers and includes any Transcend products alleged to infringe the '030 Patent under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, Estoppel, and Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel, and/or acquiescence, and/or other equitable doctrines.

### SIXTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Plaintiff's claims for recovery are barred, in whole or in part, by 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Under the provisions of 35 U.S.C. § 286, Plaintiff is precluded from seeking recovery for any of Transcend's alleged infringing acts occurring more than six years before the filing of the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### (Action Involving an Invalid Claim)

Plaintiff's prayer for costs is barred, in whole or in part, by Plaintiff's failure to disclaim any invalid claims under 35 U.S.C. § 288.

### OTHER AFFIRMATIVE DEFENSES

Transcend's investigation of the claims and its defenses is continuing.  In addition to the affirmative defenses set forth herein, Transcend expressly reserves the right to amend its Answer to allege and assert any additional affirmative defenses and counterclaims or to supplement its existing defenses under Rule 8 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

WHEREFORE, Transcend denies that Plaintiff is entitled to any relief, including the relief requested in its Prayer for Relief, and Transcend respectfully requests that the Court enter a judgment against Plaintiff and in favor of Transcend as follows:

A. That Plaintiff takes nothing and be denied any relief whatsoever;

B. That the Complaint be dismissed on the merits and with prejudice;

C. That the claims of the '030 Patent be judged to be not infringed by Transcend;

D. That the claims of the '030 Patent be judged to be invalid and/or unenforceable;

E. That Transcend be awarded its costs incurred in connection with this action;

F. That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such that Transcend be awarded reasonable attorneys' fees; and

G. That Transcend be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Transcend demands a trial by jury as to all claims, counterclaims, third-party claims and issues properly triable thereby.

*[signature on following page]*

Dated: October 11, 2017

Respectfully submitted,

**LOTT & FISCHER, PL**

**s/ Ury Fischer**
Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
Noah H. Rashkind
Florida Bar No. 021945
E-mail: nrashkind@lottfischer.com
Nicholas J. Camillo
Florida Bar No. 125364
E-mail: ncamillo@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

-and-

**VINSON & ELKINS L.L.P.**
Christopher Kao*
Email: ckao@velaw.com
David J. Tsai *
Email: dtsai@velaw.com
Brock S. Weber*
Email: bweber@velaw.com
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6988
Facsimile: (415) 651-8786

*Admitted Pro Hac Vice*

*Attorneys for Defendant Transcend Information, Inc.*

CASE NO. 1:17-CV-23346-KMM/AMS

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on October 11, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notice of Electronic Filing.

                                           s/ Ury Fischer
                                           Ury Fischer

### SERVICE LIST
*Universal Transdata, LLC v. Transcend Information, Inc.*
United States District Court, Southern District of Florida
**CASE NO. 1:17-CV-23346-KMM/AMS**

Service via CM/ECF generated Notices of Electronic Filing:

**AUSLEY & McMULLEN**
Martin B. Sipple
E-mail: msipple@ausley.com
123 South Calhoun Street
Tallahassee, FL 32301
Telephone: (850) 224-9115
Facsimile:  (850) 222-7560

-and-

**KENT & RISLEY, LLC**
Daniel A. Kent
E-mail: dankent@kentrisley.com
Stephen R. Risley
E-mail: steverisley@kentrisley.com
5755 N. Point Parkway, Suite 57
Alpharetta, GA 30022
Telephone: (404) 585-2101
Facsimile:  (404) 389-9402

*Attorneys for Plaintiff*

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191